UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER ENGER, <br> KAREN CHAMBERLAIN, <br> COURTNEY CREATER, <br> GREGORY MCGEE, and <br> FINN EBELECHUKWU, <br> individually and on behalf of all <br> others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> CHICAGO CARRIAGE CAB CO., <br> YELLOW CAB AFFILIATION, INC., <br> FLASH CAB CO., DISPATCH TAXI <br> AFFILIATION, INC., SIMON GARBER, <br> MICHAEL LEVINE, HENRY ELIZAR, <br> SAVAS TSITIRIDIS, and <br> EVGENY FREIDMAN, <br><br> Defendants | C.A. No. 1:14-cv-2117 <br><br> JURY DEMANDED |

## CLASS ACTION COMPLAINT

**I.    INTRODUCTION**

1.    This is a class action brought on behalf of current and former Chicago taxi drivers challenging their misclassification as independent contractors. As set forth below, taxi drivers throughout the City of Chicago have suffered wage violations on account of the practice of cab companies misclassifying them as independent contractors when they are actually employees under Illinois wage law. As a result of this misclassification, these drivers have had to pay for their jobs, in the form of fees that they are charged in order to work. These fees (which drivers may pay weekly, or for a 12 or 24-hour

1

shift), as well as other illegal deductions that have been taken from the drivers' pay, violates the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115 et seq. In addition to these wage violations, the defendant cab companies and their owners and affiliates have been unjustly enriched by misclassifying the cab drivers as independent contractors. Plaintiffs bring this complaint on behalf of themselves and all other similarly situated taxi drivers who have driven for the defendant corporations and their affiliates, and have had to pay weekly or daily fees (as well as other expenses), in order to work as taxi drivers, over the last ten years.

**II.    PARTIES**

2.     Plaintiff Peter Enger is an adult resident of Chicago, Illinois. Within the last ten years, Mr. Enger has worked as a taxi driver for Yellow Cab and Carriage Cab and/or their affiliates.

3.     Plaintiff Karen Chamberlain is an adult resident of Lombard, Illinois. Within the last ten years, Ms. Chamberlain has worked as a taxi driver for Yellow Cab and Dispatch Taxi and/or their affiliates.

4.     Plaintiff Courtney Creater is an adult resident of Chicago, Illinois. Within the last ten years, Ms. Creater has worked as a taxi driver for Carriage Cab and/or its affiliates.

5.     Plaintiff Gregory McGee is an adult resident of Chicago, Illinois. Within the last ten years, Mr. McGee has worked as a taxi driver for Carriage Cab and Dispatch Taxi and/or their affiliates.

6. Plaintiff Finn Ebelechukwu is an adult resident of Chicago, Illinois. Within the last ten years, Mr. Ebelechukwu has worked as a taxi driver for Yellow Cab and Flash Cab Co. and/or their affiliates.

7. The above-named plaintiffs bring this action on behalf of a class of similarly situated individuals, namely, all other persons who have worked as taxi drivers in Chicago, Illinois, over the last ten years for any of the defendants or their affiliates and have had to pay weekly fees or daily fees (for 12 or 24 hour shifts) in order to work as taxi drivers.

8. Defendant Chicago Carriage Cab Co. ("Carriage Cab") is a taxi service with a fleet of more than 800 taxis, providing service to customers throughout Chicago.

9. Defendant Simon Garber is an adult resident of New York, New York. He is President and owner of Chicago Carriage Cab Co.

10. Defendant Yellow Cab Affiliation, Inc. ("Yellow Cab") is North America's oldest and largest taxicab company, with a fleet of more than 1,700 taxis in Chicago.

11. Defendant Michael Levine is an adult resident of Chicago, Illinois. He is President of Yellow Cab Affiliation, Inc.

12. Defendant Flash Cab Co. ("Flash Cab") is a taxi service with a fleet of several hundred taxis, providing taxi services to customers throughout Chicago.

13. Defendant Henry Elizar is an adult resident of Chicago, Illinois. He is President of Flash Cab Co.

14. Defendant Dispatch Taxi Affiliation, Inc. ("Dispatch Taxi") is a taxi service with a fleet of more than 500 taxis in Chicago.

15. Defendant Savas Tsitiridis is an adult resident of New York, New York, and Chicago, Illinois. He is an owner of Dispatch Taxi Affiliation, Inc.

16. Defendant Evgeny Freidman is an adult resident of New York, New York, and Chicago, Illinois. He is an owner of Dispatch Taxi Affiliation, Inc.

### III. JURISDICTION

17. The Court has personal jurisdiction over all of the defendants because they do business in the State of Illinois and their conduct in the State of Illinois underlies all claims in this suit.

18. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because the proposed plaintiff class resides primarily in Illinois, while some defendants reside in a state outside Illinois, and Plaintiffs' class claims in total exceed $5 million.

### IV. STATEMENT OF FACTS

19. The vast majority of taxi drivers in the City of Chicago neither own their own taxis, nor the affiliated licenses that are required to drive a taxi, known as a "medallion".

20. Instead, the majority of taxi drivers in Chicago drive for one of a number of companies that operate taxi services in Chicago.

21. These companies include the defendants in this action: Carriage Cab, Yellow Cab, Flash Cab, and Dispatch Taxi.

22. In order to drive a cab for one of these companies, taxi drivers must pay fees, either directly to these companies or their affiliates.

23. The drivers may pay these fees on a weekly basis, or on a daily basis (for a 12 or 24-hour shift).

24. Daily fees charged to drive a taxi range from approximately $100 to $125 or more, and weekly fees are around $500 to $800 or more.

25. These drivers receive no wages; instead, their only source of income is what they manage to make in fares and tips.

26. That income is further reduced when a customer pays by credit card.

27. In addition to paying fees in order to drive a taxi, these drivers must also pay the expenses necessary to operate a taxi, including paying for fuel, airport taxes, upkeep, and often insurance payments.

28. As a result of this arrangement, taxi drivers in Chicago who pay companies in order to drive a taxi often receive less than minimum wage from what remains of their fares and tips, and for some shifts they pay more in fees and expenses than they receive from fares and tips. In other words, drivers may actually lose money for working a shift.

29. A study conducted in 2008 by the University of Illinois School of Labor and Employment Relations found that, after accounting for the fees and expenses these taxi drivers must pay in order to perform their work, Chicago taxi drivers earn income that is on average less than $5 per hour (and close to $4 per hour for drivers who pay daily shift fees).

30. In addition, the vast majority of these drivers work at least 12 hours per day, often six days per week.

31. Although these drivers routinely work more than 40 hours per week, they do not receive time-and-a-half for overtime pay.

32. The defendant companies -- Carriage Cab, Yellow Cab, Flash Cab, and Dispatch Taxi – all operate taxi services in Chicago.

33. These companies and their owners and affiliates operate businesses that focus exclusively or predominately on the provision of taxi services to the public.

34. The services provided by the plaintiff taxi drivers and the class they seek to represent are in the usual course of, and indeed are an essential part of, the defendants' businesses.

35. In addition, the plaintiff taxi drivers and the class they seek to represent perform services that are within the usual place of business of the defendant companies, namely the streets of Chicago.

36. The plaintiff taxi drivers and the class they seek to represent are subject to extensive control by the defendants. Defendants exercise control over the drivers' working conditions and can prevent the drivers from working on a temporary or permanent basis.

37. The plaintiff taxi drivers and the class they seek to represent are not engaged in an independently established trade, occupation, profession or business. Instead, they are entire dependent upon the defendant companies and

their affiliates and owners because, without a "medallion", the drivers cannot operate a taxi.

38. Although historically, taxi drivers in Chicago were classified as employees, over the last ten years, the defendants have all classified their drivers as independent contractors.

39. This classification violates Illinois wage laws, 820 Ill. Comp. Stat. 115 et seq.

40. Through this misclassification, the defendants have not only charged the plaintiff taxi drivers to work, but have also required them to pay the expenses necessary to operate a taxi, including fuel payments, airport taxes, upkeep, and often insurance payments.

41. Through this misclassification, the defendants have also failed to ensure that their taxi drivers earn minimum wage or overtime pay, have protection under employment discrimination or unemployment statutes, or enjoy any other privileges, benefits, or protections of employment.

**V.   CLASS ALLEGATIONS**

42. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons who have worked as taxi drivers in Chicago, Illinois, over the last ten years for any of the defendants or their affiliates and have had to pay weekly fees or daily fees (for 12 or 24 hour shifts) in order to work as taxi drivers.

43. The members of the class are so numerous that joinder of all members of the class is impracticable. There are thousands of drivers who have

driven taxis for the defendants over the last ten years and been required to pay fees and expenses in order to perform their jobs.

44. Common issues of law and fact predominate the claims of this class. These claims are predicated on a finding that these drivers were misclassified as independent contractors when they were in fact employees. The claims of the named plaintiffs are identical to the claims of the class members they seek to represent.

45. The named plaintiffs are adequate and typical representatives of the class because they, like the class they seek to represent, were classified as independent contractors and subject to the same procedures and policies under which they were required to pay fees and expenses in order to perform their jobs.

46. The named plaintiffs will fairly and adequately represent and protect the interests of the class, and Plaintiffs' counsel are competent and experienced in litigating large wage and hour class actions, including actions on behalf of cab drivers alleging they have been misclassified as independent contractors.

47. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## COUNT I
## Illinois Wage Payment and Collection Act

As set forth above, Defendants have violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq., by misclassifying their taxi drivers as independent contractors, requiring them to pay fees in order to perform their jobs, failing to reimburse them for expenses necessary to perform their jobs, taking deductions from their pay, and failing to pay them wages (including minimum wages, overtime wages, or any wages).

## COUNT II
## Unjust Enrichment

As a result of their mischaracterization as independent contractors, the named plaintiffs and class they seek to represent have been forced to pay substantial sums of money in order to perform their jobs, as well as for work-related expenses. Through this misclassification, Defendants have not only collected fees from drivers they must pay in order to perform their jobs, but Defendants have also shifted these work-related expenses to the drivers, as well as avoided paying other employment related obligations, such as social security contributions and unemployment compensation. Through this misclassification, Defendants have been unjustly enriched.

WHEREFORE, the Plaintiffs respectfully request this Court to:

    A.    Certify a class, including any appropriate sub-classes, pursuant to Fed. R. Civ. P. 23;

    B.    Issue a declaratory judgment that the plaintiffs and class members are employees, not independent contractors;

    C.    Award damages for all wages or other forms of restitution that are due to the plaintiffs and class members because of their misclassification as independent contractors and failure to receive all wages due to them under the Illinois wage laws;

    D.    Award attorneys' fees and costs; and

    E.    Award any other relief to which the Plaintiffs may be entitled.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

        Respectfully submitted,

        PETER ENGER,
        KAREN CHAMBERLAIN,
        COURTNEY CREATER,
        GREGORY MCGEE, and
        FINN EBELECHUKWU,
        individually and on behalf of all
        others similarly situated,

        By their attorneys,

        */s James B. Zouras*
        James B. Zouras
        Teresa Becvar
        STEPHAN ZOURAS, LLP
        205 N. Michigan Avenue, Suite 2560
        Chicago, Illinois 60601
        (312) 233-1550

        Shannon Liss-Riordan, *pro hac vice anticipated* (Mass. BBO # 640716)
        LICHTEN & LISS-RIORDAN, P.C.
        100 Cambridge Street – 20th Floor
        Boston, MA 02114
        (617) 994–5800

Dated:    March 26, 2014