# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER ENGER, ) | |
| KAREN CHAMBERLAIN, ) | |
| COURTNEY CREATER, ) | |
| GREGORY MCGEE, and ) | |
| FINN EBELECHUKWU, ) | |
| individually and on behalf of all ) | |
| others similarly situated, ) | |
| ) | C.A. No. 1:14-cv-2117 |
| Plaintiffs ) | |
| ) | JURY DEMANDED |
| v. ) | |
| ) | |
| CHICAGO CARRIAGE CAB CO., ) | |
| YELLOW CAB AFFILIATION, INC., ) | |
| FLASH CAB CO., DISPATCH TAXI ) | |
| AFFILIATION, INC., SIMON GARBER, ) | |
| MICHAEL LEVINE, HENRY ELIZAR, ) | |
| SAVAS TSITIRIDIS, and ) | |
| EVGENY FREIDMAN, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS CHICAGO CARRIAGE CAB CO., YELLOW CAB AFFILIATION, INC., 5 STAR FLASH INC. IMPROPERLY SERVED AS FLASH CAB CO., SIMON GARBER, MICHAEL LEVINE AND HENRY ELIZAR'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Chicago Carriage Cab Co., Yellow Cab Affiliation, Inc., 5 Star Flash Inc. improperly served as Flash Cab Co., Simon Garber, Michael Levine and Henry Elizar (collectively "Defendants"), by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit their Memorandum of Law in Support of Their Motion to Dismiss the Complaint brought by Plaintiffs Peter Enger, Karen Chamberlain, Courtney Create r , Gregory McGee and Finn Ebelechukwu (collectively "Plaintiffs").

## INTRODUCTION

In a misguided and transparent attempt to pursue claims under a ten-year statute of

limitations, Plaintiffs filed a two count complaint alleging a violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count I) and unjust enrichment (Count II). Plaintiffs' Complaint fails to state either claim. For Count I, Plaintiffs have ignored the plain language of the IWPCA, including its title, by attempting to state a violation of the IWPCA for individuals who have plead affirmatively that they have no contractual right or agreement to receive wages. Plaintiffs' admission that they do not receive wages and that their only source of income is "tips and fares" is fatal to Plaintiffs' IWPCA claim. For Count II, Plaintiffs' unjust enrichment claim is tied to Plaintiffs' flawed IWPCA claim, as it is based on the same conduct which gives rise to their IWPCA claim. As a result, the failure of Plaintiffs' IWPCA claim necessitates the dismissal of Plaintiffs' intertwined unjust enrichment claim.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs[1] are "current and former Chicago taxi drivers" and have filed suit against various cab affiliations and their officers. (Compl. ¶ 1.)

"The vast majority of taxi drivers [. . .] neither own their own taxis, nor the affiliated licenses that are required to drive a taxi[.]" (*Id*. ¶ 19.) As a result, in order to operate a taxi, an individual driver must pay licensing fees to the owners of taxi cabs and the affiliated licenses which allow a vehicle to operate as a taxi cab in the City of Chicago. (*Id*. ¶ 22.) Taxi drivers also pay additional fees based on their use of the leased vehicles. (*Id*. ¶ 27.) Taxi drivers generate income based on the "fares and tips" they collect driving a leased taxi cab. (*Id*. ¶ 25.) The monies collected as "fares and tips" represent the "only source of income" for the taxi drivers. (*Id*.) This is because taxi drivers "receive no wages." (*Id*.)

Based on these allegations, Plaintiffs have filed the instant lawsuit claiming a cause of action under the IWPCA (Count I) and for unjust enrichment (Count II).

---

[1] Plaintiffs purport to bring this lawsuit on behalf of a class of similarly situated individuals. (Compl. ¶ 1.)

## ARGUMENT

**I.     Standard Of Review.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of complaint allegations for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and fact-finding" and eliminate baseless claims. *Neitzek v. Williams*, 490 U.S. 319, 326-27 (1989) (*abrogated in part on other grounds*). Thus, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should [. . .] be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). That is to say, if it appears from the face of the complaint that Plaintiffs cannot prove a set of facts that would entitle them to the relief they seek, the Court should dismiss Plaintiffs' claims. *Id*. at 570. Plaintiffs' Complaint falls well short of this pleading standard.

**II.    Plaintiffs Fail To State A Claim Under The IWPCA Because There Is No Contract Or Agreement Between The Parties Requiring Payment Of Wages.**

"The IWPCA does not establish a substantive right to overtime pay or any other kind of wage." *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 U.S. Dist. LEXIS 67312, at *2 (N.D. Ill. May 15, 2012) (citing *Hall v. Sterling Park Dist.*, Nos. 08 C 50116, 09 C 50146, 2011 U.S. Dist. LEXIS 48367, at *17 (N.D. Ill. May 4, 2011) . Instead, the IWPCA only permits a cause of action based on compensation wrongfully withheld where an employer did not honor a contract or agreement with an employee. 820 ILCS § 115/2; *DeMarco v. Northwestern Mem'l Healthcare*, No. 10-C-397, 2011 U.S. Dist. LEXIS 88541, at *16 (N.D. Ill. Aug. 10, 2011) (holding the IWPCA "does not establish a substantive right to overtime pay.")

Specifically, the IWPCA states, in relevant part, that an employer is required "at least

3

semi-monthly to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS § 115/3. "Wages" are a defined term within the IWPCA, meaning "any compensation owed an employee by an employer *pursuant to an employment contract or agreement* between the 2 parties, whether the amount is determined on a time, task, piece or any other basis of calculation." 820 ILCS § 115/2 (emphasis added). "As the emphasized text makes clear, the IWPCA mandates overtime pay or any other specific kind of wage *only* to the extent the parties' contract or agreement requires such pay." *Dominguez*, 2012 U.S. Dist. LEXIS 67312, at *3 (citation omitted) (emphasis added). The cases supporting this basic tenant of the IWPCA are legion. *Stark v. PPM America, Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (rejecting IWPCA claim because it was not brought pursuant to an employment contract or agreement); *Smith v. C.H. James Rest. Holdings, L.L.C.*, No. 11 C 5545, 2012 U.S. Dist. LEXIS 9960, at *5 (N.D. Ill. Jan. 26, 2012) ("To conclude that [plaintiff] had some sort of informal agreement with Defendants merely be working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement."); *Hall*, 2011 U.S. Dist. LEXIS 48367, at *18 ("[T]he IWPCA provides a cause of action where an employer did not honor a contract or agreement."); *Skelton v. Am. Intercontinental Univ. Online*, 382 F. Supp. 2d 1068, 1074 (N.D. Ill. 2005) (IWPCA claim requires a "contract or agreement" between employer and employee) (*citing* 820 Ill. Comp. Stat. § 115/2).[2]

Plaintiffs do not, and cannot in good faith, allege the existence of any contract or

---

[2] *See also Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 U.S. Dist. LEXIS 52098, at *6 (N.D. Ill. April 11, 2013) ("[T]o state a claim under the IWPCA, [Plaintiff] must allege that [Defendant] owed him unpaid wages pursuant to an employment contract or agreement.") (citation omitted); *Brown v. Lululemon Athletica, Inc.*, No. 10 C 05672, 2011 U.S. Dist. LEXIS 18217, at *8 (N.D. Ill. Feb. 24, 2011) ("It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed."); *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 U.S. Dist. LEXIS 12747, at *8 (N.D. Ill. June 28, 2005) ("The plain meaning of the IWPCA indicates that pay is only recoverable under the statute when the employer has breached contractual obligations."); *Lopez v. Smurfit-Stone Container Corp.*, No 02 C 7347, 2003 U.S. Dist. LEXIS 2180, at *8-9 (N.D. Ill. Feb. 10, 2003) ("[T]he Seventh Circuit has stated that the IWPCA merely requires that the employer honor his contract.") (citations and quotations omitted).

agreement between taxis drivers and the Defendants to pay wages. As the Complaint makes clear, Plaintiffs "receive no wages[.]" (Compl. ¶ 25.) Despite this undisputed fact, Plaintiffs have attempted to bring a claim for an alleged violation of the IWPCA. However, the IWPCA does not provide Plaintiffs, or anyone, with the right to receive wages. *Dominguez*, 2012 U.S. Dist. LEXIS 67312, at *2. Absent a contract or agreement between the Plaintiffs and the Defendants to pay wages, Plaintiffs' claim fails as a matter of law. The lack of this prerequisite is further highlighted by the Plaintiffs' claim for unjust enrichment. *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004) (holding that "[w]hen two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract."); *Bagg v. HighBeam Research, Inc.*, No. 12 C 9756, 2013 U.S. Dist. LEXIS 96365, at *17 (N.D. Ill. July 10, 2013) ("When a claim falls within an express contract, the remedy of unjust enrichment is unavailable.") (citation omitted). Accordingly, Plaintiffs' inclusion of a claim for unjust enrichment belies the existence of any contract between the parties.

Similarly, Plaintiffs' claim that improper deductions were made in violation of the IWPCA also must fail because Plaintiffs plead they did not receive wages. (Compl. ¶ 25). The IWPCA only prohibits "deductions by employers from wages." 820 ILCS 115/9. It is impossible for Defendants to have deducted anything from wages in violation of the IWPCA because the Plaintiffs did not receive wages from which Defendants could make a deduction. (Compl. ¶ 25).

Because there is no contract or agreement between the parties mandating the payment of wages, Plaintiffs' IWPCA claim fails as a matter of law, and dismissal of this claim is appropriate.

5

### III. Plaintiffs' Unjust Enrichment Claim Fails Because It Is Based On The Same Alleged Conduct As Plaintiffs' Doomed IWPCA Claim.

To state a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011). However, when an "unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim." *Id*. at 517. Here, Plaintiffs' claim for unjust enrichment relies on identical conduct alleged to support their IWPCA claim.

Plaintiffs allege that the Defendants have improperly classified taxi drivers as independent contractors (Compl. ¶ 38) and also improperly have required taxi drivers to pay fees to the Defendants. (Compl. ¶¶ 22, 27.) According to Plaintiffs, this conduct gives rise to Plaintiffs' claims under the IWPCA (Compl. p. 9, Count I ("Defendants have violated the [IWPCA], by misclassifying their taxi drivers as independent contractors, requiring them to pay fees in order to perform their jobs, failing to reimburse them for expenses necessary to perform their jobs[.]")) and Plaintiffs' claim for unjust enrichment. (Compl. p. 9, Count II ("As a result of their mischaracterization as independent contractors, the named plaintiffs [. . .] have been forced to pay substantial sums of money in order to perform their jobs, as well as for work-related expenses. [. . .] Through this misclassification, Defendants have been unjustly enriched."))

Because Plaintiffs' claims are based on the same alleged conduct, the unjust enrichment claim fails along with the IWPCA claim. *Camilotes v. Resurrection Health Care Corp.*, No 10-cv-366, 2012 U.S. Dist. LEXIS 98567, at *19-20 (N.D. Ill. July 16, 2012) (holding that the

6

court's granting of summary judgment in favor of the defendant on plaintiffs' IWPCA claim for lack of an employment agreement or contract, necessitates a grant of summary judgment on plaintiff's unjust enrichment claim based on the same conduct as plaintiffs' IWPCA claim); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) ("Under Illinois law, unjust enrichment is not a separate cause of action. 'Rather it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct'") (citation omitted); *Ass'n Benefit Servs v. Caremark Rx., Inc.*, 493 F.3d 841, 855 and n.9 (7th Cir. 2007) (plaintiff's unjust enrichment claim failed because it was based on the same allegations as plaintiff's failed fraud claim and plaintiff never identified another form of improper conduct to support its unjust enrichment claim); *Control Solutions LLC v. Oshkosh Corp.*, No. 10 C 121, 2012 U.S. Dist. LEXIS 109276, at *31 (N.D. Ill. July 27, 2012) ("[I]f the improper conduct that forms the basis of the unjust enrichment claim is the same conduct forming the basis for another claim, then either both stand as alternative theories of recovery or both fail.").

As illustrated above, Plaintiffs' IWPCA claim fails for lack of a contract or agreement between the parties to pay wages. Consequently, Plaintiffs' unjust enrichment claim fails since it is based on identical factual allegations and dismissal of this claim is appropriate.

## CONCLUSION

Based on the foregoing reasons, Defendants Chicago Carriage Cab Co., Yellow Cab Affiliation, Inc., 5 Star Flash Inc., Simon Garber, Michael Levine and Henry Elizar, by and through their attorneys, request dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim, and any other relief this Court deems just and appropriate.

| | |
|---|---|
| Dated: May 9, 2014 | Respectfully submitted, |

/s/ Michael A. Stiegel

Michael A. Stiegel (ARDC #2735830)
  mastiegel@michaelbest.com
Brian P. Paul (ARDC #6280839)
  bppaul@michaelbest.com
Carrie A. Hall (ARDC #6269884)
  cahall@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601

*Attorneys for Defendants Chicago Carriage Cab Co., Yellow Cab Affiliation, Inc., 5 Star Flash Inc. Improperly Served as Flash Cab Co., Simon Garber, Michael Levine and Henry Elizar*